# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

In re Application of Alpene, Ltd. for an Order Directing Discovery from Elizabeth McCaul Pursuant to 28 U.S.C. §1782

Case No. 21-mc-2547

## APPLICATION OF ALPENE LTD. FOR AN ORDER DIRECTING DISCOVERY FROM ELIZABETH McCAUL PURSUANT TO 28 U.S.C. §1782

The Applicant, Alpene Ltd. ("Alpene"), by and through undersigned counsel, hereby applies pursuant to 28 U.S.C. § 1782 ("Section 1782") for an expedited order authorizing undersigned counsel to issue subpoenas for documents and testimony to Elizabeth McCaul ("Ms. McCaul") in aid of a foreign proceeding. Accompanying this Application are: i) Declarations of Evan Glassman and Edward Baldwin dated August 30, 2021, with exhibits; ii) Applicant's Memorandum of Law in Support of the Application.

1. Alpene is a claimant in an international arbitration proceeding against the Republic of Malta before the World Bank's International Centre for the Settlement of Investment Disputes (the "ICSID" proceeding). Alpene's claim was registered by ICSID on July 2, 2021. Baldwin Decl., at p. 2. The facts surrounding the claim, as well as the bases for Alpene's claims, can be found in the Request for Arbitration, which is Exhibit 1 to the Declaration of Edward Baldwin, dated August 30, 2021 ("Baldwin Decl.").

2. Alpene is the 100% indirect owner of a bank (the "Investment") in the Republic of Malta ("Malta"). Maltese officials, through a series of wrongful actions, including seizure of the assets of the Investment and stripping Alpene of all of its rights of ownership of the Investment, expropriated the assets of Alpene's Investment in Malta. These wrongful actions

violated several provisions of the China-Malta bilateral investment treaty. As a result, Alpene has filed the ICSID proceeding, which is ongoing.

3. Applicant seeks limited discovery from Elizabeth McCaul, a New York resident, in connection with the ICSID proceeding. The relevant facts surrounding Ms. McCaul's involvement in the facts relating to Alpene's claim are laid out in the accompanying Baldwin Declaration and supporting memorandum of law.

4. Applicant's specific requests for documents and testimony are set out in the proposed subpoenas annexed as Exhibits 5 and 6 to Baldwin Declaration. Specifically, Alpene seeks from Ms. McCaul the following limited information, for only a limited timeframe:

- Information regarding her selection of Mr. Connell to be the Bank's sole representative.

- Information regarding her negotiation of the agreement with MFSA regarding Mr. Connell's appointment as the sole representative of the Bank.

- Documents and information regarding her relationship and discussions with the former MSFA Chairman, and his top deputies.

- Documents and information regarding her relationship and discussions with the current MSFA Chairman, and his top deputies.

5. The requirements of Section 1782 are satisfied with this Application because (1) it meets the statutory requirements set forth in Section 1782 (i.e., the person from whom discovery is sought resides in the district to which the application is made, the discovery is for use in proceedings before a foreign tribunal and the applicant is an "interested person"); and (2) the discretionary factors established by controlling case law weigh substantially in its favor (e.g., whether (a) the target of discovery is a participant in the foreign proceedings, (b) the foreign tribunal is receptive to the use of the Requested Discovery, (c) the request is an attempt to circumvent foreign law, and (d) the request is unduly burdensome). Indeed, granting the

Application will serve Section 1782's "twin aims of providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to [U.S.] courts." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 252 (2004) (internal quotations and citation omitted).

6. Ms. McCaul is a U.S. citizen and New York resident, residing in the Eastern District of New York, in Nassau County. Her address is matter of public record and is 95 Feeks Lane, Locust Valley, NY 11560.

7. The requested discovery is for use in a foreign proceeding. *See, e.g., In re Application of Chevron Corp.*, 709 F. Supp. 2d 283, 291 (S.D.N.Y. 2010) ("a tribunal established by an international treaty. . . and pursuant to UNCITRAL rules" constitutes a "foreign tribunal" for purposes of Section 1782); *In re Oxus Gold PLC*, No. 06-82 GEB, 2007 U.S. Dist. LEXIS 24061, at *14 (D.N.J. April 2, 2007) (holding that an arbitral tribunal applying the UNCITRAL Arbitration Rules to a dispute arising under a bilateral investment treaty was a "foreign tribunal" for purposes of Section 1782); *see also In re Chevron Corp.*, 633 F.3d 153, 161 (3d Cir. 2011) (an investment treaty arbitration conducted pursuant to UNCITRAL Arbitration Rules constitutes a foreign tribunal for purposes of 28 U.S.C. §1782); *In re Veiga*, 746 F. Supp. 2d 8, 22-23 (D.D.C. 2010) (same); *Republic of Ecuador v. Bjorkman*, 801 F. Supp. 2d 1121, 1128 n.1 (D. Colo. 2011) (citing *In re Chevron*, 709 F. Supp. 2d at 291) (same).

8. Alpene's is an "interested person" under Section 1782. *See Ahmad Hamad Algosaibi & Bros. Co. v. Standard Chartered Int'l (USA) Ltd.*, 785 F. Supp. 2d 434, 438 (S.D.N.Y. 2011). Indeed, as the Supreme Court has acknowledged, "no doubt litigants are included among, and may be the most common example of, the interested persons who may invoke [Section] 1782." *Intel*, 542 U.S. at 256.

9. The discretionary elements of Section 1782 also all weigh in favor of granting the Application. Ms. McCaul is not a party to the ICSID Proceeding and the tribunal in the ICSID Proceeding cannot subpoena or otherwise compel Ms. McCaul to provide documents or testimony.

10. The Second Circuit has held that a party opposing a Section 1782 application must affirmatively demonstrate through "authoritative proof" that the foreign tribunal would be unreceptive to the assistance from the United States Court. *See Euromepa*, 51 F.3d at 1100. Absent such "authoritative proof," district courts "generally should err on the side of permitting the requested discovery." *See In re Gemeinschaftspraxis Dr. Med. Schottdorf*, No. M19-88 (BSJ), 2006 U.S. Dist. LEXIS 94161, *21 (S.D.N.Y. Jan. 4, 2007) (citing *Euromepa*, 51 F.3d at 1100). Courts have previously held that ICSID tribunals and international arbitration tribunals generally are receptive to judicial assistance. *See, e.g., In re Chevron Corp.*, 709 F. Supp. 2d at 291; Oxus Gold, 2007 U.S. Dist. LEXIS 24061, at *14.

11. The Application does not "attempt to circumvent" proof-gathering restrictions of ICSID or the Tribunal. Accordingly, the third discretionary factor also weighs in favor of granting discovery. Intel, 542 U.S. at 264-65. The ICSID Rules and Regulations do not prohibit the use of evidence gathered abroad in ICSID proceedings. Moreover, they do not prohibit the use of the types of evidence sought through this Application.

Finally, the fourth factor favors granting discovery because the Application is narrowly tailored to include only relevant, non-privileged information and avoid any undue burden on Ms. McCaul. *See, e.g., Mees*, 793 F.3d at 302 (citing *In re Edelman*, 295 F.3d at 179 ("Limits may be proscribed on [§ 1782] discovery or an existing order may be quashed under Rule 26(c).")).

# CONCLUSION

Applicant Alpene Inc. ("Alpene") pursuant to 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26, 34, and 45, respectfully requests that this court grant an order granting Applicant leave to serve Elizabeth McCaul with the subpoenas annexed as Exhibits 5 and 6 to the Baldwin Declaration to obtain certain limited discover for use in a pending international arbitration under the World Bank's International Centre for the Settlement of Investment Disputes.

Respectfully submitted,

By: /s/ Evan Glassman
STEPTOE & JOHNSON
1114 Avenue of the Americas
New York, NY 10036
Tel: (212) 506-3909
Fax: (212) 506-3950
Email: eglassman@steptoe.com

Dated: New York, New York
August 30, 2021